UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

MICHAEL JON HARLOW,            )
                               )
     Plaintiff,                )
                               )        Civil Action No.
v.                             )        5:13-CV-255-JMH
                               )
CAROLYN W. COLVIN, ACTING      )        **MEMORANDUM OPINION**
COMMISSIONER OF SOCIAL         )          **AND ORDER**
SECURITY,                      )
                               )
     Defendant.                )

                              ***

This matter is before the Court on cross motions for summary judgment. For the reasons discussed below, the motion of the Commissioner will be granted and the motion of Mr. Harlow will be denied.

**I.   BACKGROUND**

Plaintiff filed for disability insurance benefits and supplemental security income on March 17, 2008, claiming that his disability began January 1, 1999. Tr. 208, 211, 240. His applications were denied. Tr. 113, 123, 127. An Administrative Law Judge ("ALJ") held a hearing on March 12, 2010, during which Plaintiff amended his onset of disability to March 17, 2008. Tr. 64. Plaintiff's applications were denied by the ALJ on May 12, 2010. Tr. 102-08.

The Appeals Council remanded the case, directing the ALJ to determine the status of Plaintiff's Title II claim and for

additional administrative action. Tr. 92-98. Following a hearing on November 2, 2011, the ALJ dismissed the Title II DIB claim because the Plaintiff's alleged onset date occurred after his date last insured ("DIL") of March 31, 2002. Tr. 17, 32, 240. Regarding his SSI claim, the ALJ found that Plaintiff was capable of performing light work and denied his application. Tr. 16-26. The Appeals Council denied Plaintiff's request for review. Tr. 5-8. The case is now ripe for review.

At the time of the most recent ALJ decision, Plaintiff was thirty-eight years of age. Tr. 25-26, 208. He was twenty-five when he first alleged disability on January 1, 1999, claiming he could not work because of severe asthma, loss of potassium and magnesium, constant headaches, back problems, the inability to use his right hand, depression and an extreme nervous condition, chest pains, thyroid problems, nausea, diarrhea, gas and pain. Tr. 208, 245. On his revised date of disability, he was thirty-five. He graduated from high school in regular classes. Tr. 252. Plaintiff had prior work experience as an unskilled laborer. Tr. 55, 246.

Following hearings on March 12, 2010 and January 19, 2012, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset of disability. Tr. 19, 32, 60. The ALJ concluded that Plaintiff had the severe impairments of hypertension, hypomagnesemia with diarrhea,

2

asthma, degenerative disc disease of the lumbar and cervical spine, stiff right index finger, and anxiety disorder. Tr. 19. His impairments, however, either alone or in combination, did not meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19-21.

Despite Plaintiff's impairments, the ALJ concluded that Plaintiff retained sufficient residual functional capacity to perform light work with additional limitations such as no sitting, standing, or walking for more than thirty minutes at a time; shift positions at thirty minute intervals; occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; occasionally stoop; never crawl; fingering limited to frequent with the right upper extremity, but no fingering with the right index finger; ready access to a restroom facility; and limited to simple, repetitive tasks. Tr. 21-24. The ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 26, 56. Based upon the testimony of a vocational expert, the ALJ found that Plaintiff could perform light work that exists in significant numbers in the national economy and in Kentucky such as hand packer, grader, and sorter. Tr. 25, 56-57. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time through the date of the decision. Tr. 26. It is from that decision that Plaintiff appeals.

3

## II. ANALYSIS

### A. Standard of Review

The ultimate burden of proving a disability is on the plaintiff. 20 C.F.R. § 404.1512(a); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Judicial review of a decision of the Commissioner is limited to determination of whether the findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *White v. Commissioner of Social Security*, 572 F.3d 272, 281 (6th Cir. 2009) ("The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record."). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Kyle v. Commissioner of Social Security*, 609 F.3d 847, 854 (6th Cir. 2010). In determining whether substantial evidence supports the ALJ's decision, the Court may look to portions of the record not discussed or cited by the ALJ. *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535 (6th Cir. 2001). "We must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Foster*, 279 F.3d at 353.

**B. The Commissioner's Decision Is Supported By Substantial Evidence.**

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because it did not give sufficient weight to the opinion of his treating physician, Dr. Kassis, and gave too much weight to the opinions of consultative physicians. DE 17-1, pp. 18-20. Generally, a treating doctor's opinion is entitled to more weight, and good reasons must be given for discounting it. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013). A treating physician's opinion is given controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). A treating doctor's opinion may be discounted, however, when the doctor does not support the opinion with objective medical evidence or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 404.1527(c); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

Additionally, opinions on some issues, such as whether the claimant is "disabled" or "unable to work" are reserved for the Commissioner because they are administrative findings that are dispositive of a case. 20 C.F.R. § 404.1527(d); *Dunlap v.*

*Commissioner of Social Security,* 509 F. App'x. 472, 476 (6th Cir. 2012). Opinions on issues reserved for the Commissioner "even when offered by a treating source, … can never be entitled to controlling weight or be given special significance." SSR 96-5p; 20 C.F.R. § 404.1527(d)(3). Controlling weight to such opinions would "be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p. Doctors' opinions about what a claimant can still do or any restrictions are relevant evidence, but they are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *Coldiron v. Commissioner of Social Security,* 391 F. App'x 435, 439 (6th Cir. 2010).

In the present case, the ALJ generally adopted the opinions of Dr. Kassis and included them in his RFC finding, with the exception of the need to elevate the legs.[1] Tr. 24. Thus, Dr. Kassis' opinions were given controlling weight except where they conflicted with the record as a whole and with his own treatment notes. The ALJ explained why he did not find the Plaintiff's testimony credible as to the severity of his limitations. For example, he notes that the Plaintiff "describes near constant back pain that he claims limits his ability to engage in more

---

[1] "The treating physician limitations at Exhibit 19F have been generally adopted in the residual functional capacity with the exception of the need to elevate the feet frequently throughout the day. This particular limitation is not supported by the medical evidence of record as a whole, including the treatment notes from the primary care provider who completed the assessment." Tr. 24.

than minimal activity." Tr. 21. Yet, the record shows that "Dr. Kassis noted in July 2008 that the claimant reported walking two miles per day, five days per week without limitations (Exhibit 3F)." Tr. 22. "Radiographic studies of November 2009 and September 2010 revealed degenerative disk disease of the cervical and lumbar spine (Exhibits 18F and 26F), but clinical examination only demonstrates mildly reduced ranges of motion without evidence of atrophy or sensory deficit. Dr. Kassis has advised a low sodium diet, exercise, and weight loss to reduce symptoms." *Id.* "The claimant has also described daily activities that are not as limited as one would expect given the complaints of disabling symptoms and limitations. As described above, the claimant is able to engage in a variety of self-care as well as other activities contrary to the level of severity he has alleged. The Undersigned finds the conservative course of treatment received by the claimant to be inconsistent with the severity of symptoms alleged, and he has been given significant benefit of the doubt in being limited to light work. The assertions that the claimant can lift/carry less than ten pounds and would need to elevate his legs constantly during the day are quite excessive and not supported by the medical evidence of record." Tr. 23-24.

This decision is further supported by the consultative examinations. Dr. Burchett observed on May 8, 2008 that

Plaintiff walked with a normal gait that was not unsteady, lurching, or unpredictable; he appeared comfortable while standing and used no assistive device. Tr. 366. There was no spasm or tenderness in the lumbar spine. Tr. 367. Plaintiff walked on heels and toes and could squat to 90 degrees of knee flexion. *Id.* Spinal range of motion was normal. Tr. 368. Dr. Burchett did not find any difficulty walking or standing or any other condition that would require Plaintiff to elevate his legs.

Dr. Harshman conducted a consultative examination on September 18, 2010. Tr. 733-35. He found the back was non-tender with no spasms. Tr. 734. Strength was 5 out of 5, and Plaintiff could walk, stand, and squat without difficulty. *Id.* Overall, Dr. Harshman noted that Plaintiff might have a limited tolerance for heavy lifting and extended periods of walking and standing, but could otherwise perform job-related activities without restriction. Tr. 735. In summary, there was no objective basis for Dr. Kassis' limitation of elevated legs and the medical record as a whole, including Dr. Kassis' own notes, did not support the limitation. Tr. 24.

Plaintiff also had a history of hypomagnesemia or magnesium deficiency. Tr. 477; The Merck Manual, pp. 943-945.. Possible causes of magnesium deficiency are mal-absorption syndromes, malnutrition, parathyroid disease, and chronic alcoholism.

8

*Merck at 944.* On October 27, 2010, Plaintiff admitted to a history of drinking up to a case of beer a day since age 16, but alleged that he had stopped two years ago. Tr. 750. He had a history of up to twenty arrests including driving under the influence, assault, and threatening to commit murder. *Id*.

Plaintiff complained that the hypomagnesemia caused him severe diarrhea and frequent trips to the restroom. DE 17-1, p. 5. The ALJ reported that Plaintiff received supplemental magnesium through oral medication and occasionally needed an IV infusion. Tr. 22. He noted "[t]here are some complaints of diarrhea but not to the extent stated by the claimant." *Id*. The record shows that Plaintiff reported on May 19, 2008 that he was using the supplemental magnesium and had no complaints. Tr. 349. In December of that year, his magnesium was low, but he was not taking it as prescribed. Tr. 500. Plaintiff reported profuse diarrhea on January 4, 2011, but had no gastrointestinal complaints on April 6, 2011. Tr. 753, 797. On September 12, 2011, Dr. Kassis, Plaintiff's treating physician, stated that Plaintiff had no diarrhea despite his long history and that he was compliant with his replacement medication. Tr. 805. Dr. Kassis did not describe diarrhea as a disabling condition or note the Plaintiff needed frequent restroom breaks. Nonetheless, the ALJ incorporated into his findings that the Plaintiff "needs ready access to a restroom facility." Tr. 21.

Plaintiff is incorrect that the ALJ gave controlling weight to the consultative medical opinions. DE 17-1, pp. 19-20. As discussed above, the ALJ adopted Dr. Kassis' opinions with one exception that was contradicted by the record as a whole. Plaintiff's complaints of disability due to hypomagensemia were contradicted by Dr. Kassis' own notes.

It is also apparent that the ALJ applied the correct legal standards in evaluating Plaintiff's case. The Sixth Circuit recognizes that the substantiality of the evidence must be based on the record "taken as a whole." *Tyra v. Secretary of Health & Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990). The courts "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility. Rather, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive…." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In the present case, substantial evidence supports the ALJ's decision and the correct legal standards were applied. Accordingly, the decision of the Commissioner must be affirmed. *Foster*, 279 F.3d at 353.

### III. CONCLUSION

**IT IS ORDERED** that:

1. Plaintiff's motion for summary judgment [DE 17] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 19] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A Judgment consistent with this Opinion will be entered contemporaneously.

This September 10, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge